
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERICA L. SMITH,

               Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

               Defendant-Appellee.

No.   16-17077

D.C. No. 2:14-cv-00520-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted December 28, 2018[**]

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Erica Smith appeals the district court's order affirming the Commissioner of

Social Security's denial of her application for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm the district court.

Smith argues that the ALJ erred by: (1) failing to give controlling weight to the opinions of her treating physicians; (2) rejecting Smith's symptom testimony without providing clear and convincing reasons for doing so; and (3) rejecting Smith's husband's testimony.

We address the second issue first because Smith's symptom testimony was central to determining the extent to which her diagnosed impairments affected her functional capacity. The ALJ did not commit harmful error in discounting Smith's testimony. The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting Smith's statements. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ cited conflicting statements in Smith's testimony, evidence that Smith's reported daily activities contradicted her claims of debilitating impairment, and contradictory medical evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

Regarding the weight given to Smith's treating physicians, an ALJ may usually reject a physician's opinion when it lacks support from objective medical

2

findings or relies upon the properly discounted subjective reports of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216–17 (9th Cir. 2005). The nature of fibromyalgia complicates the analysis because "[f]ibromyalgia is diagnosed 'entirely on the basis of the patients' reports of pain and other symptoms,' and 'there are no laboratory tests to confirm the diagnosis.'" *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017) (citation omitted). "[A] person with fibromyalgia may have 'muscle strength, sensory functions, and reflexes [that] are normal.'" *Id.* (citations omitted). The usual rules for assessing claimants' credibility apply to disability claims arising from a fibromyalgia diagnosis. *See id.* at 655.

The ALJ recognized that Smith's fibromyalgia diagnosis was supported by her medical record, but he discounted Dr. Sabahi's opinion concerning the extent of Smith's impairment because it relied largely on Smith's self-reports and because Dr. Sabahi's opinion was not supported by Smith's medical record. Substantial evidence supports the ALJ's decision. Viewed as a whole, Smith's medical record includes numerous instances in which she described engaging in activities, on a regular basis, that contradict Dr. Sabahi's opinion regarding Smith's degree of impairment. Smith correctly notes that fibromyalgia symptoms can wax and wane, but the ALJ did not cherry-pick the medical record and it contradicts several of her symptom complaints. For example, the ALJ noted that Smith complains that her

3

legs swell frequently but this symptom was not documented by her care providers. She also complains of numbness in one foot, but she apparently had not mentioned this symptom to her rheumatologist. Smith also reported to one care provider that she works out several times each week, a level of activity that significantly differs from the description she gave to Dr. Sabahi.

Smith argues that the ALJ erred by rejecting treating neurologist Dr. Aryal's opinion. But because Dr. Aryal's check box form shows that objective evidence did not support her opinion, the ALJ correctly concluded that Dr. Aryal relied, at least in part, on Smith's subjective reports. As explained, the contradictions between Smith's subjective reports and her medical records provide clear and convincing reasons for discounting Dr. Aryal's opinion.

The ALJ did not commit harmful error by discounting the lay testimony of Smith's husband. The ALJ found Mr. Smith's statements unpersuasive for the same reasons as Smith's testimony. Where, as here, the lay witness and claimant testimony is substantively similar, and the ALJ has properly discounted the claimant's testimony, the ALJ may rely upon the same reasons to reject lay testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

**AFFIRMED.**

4